UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT T. IANNUCCI,

                                              Plaintiff,

-against-

ALLSTATE INSURANCE COMPANY,

                                              Defendant.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
EXPERT WITNESS TESTIMONY OF DUANE POSTUPAK**
16-cv-357

## FACTS

Mr. Iannucci purchased a policy of insurance from the Defendant for a building in Kingston, New York. The roof of the building collapsed under a heavy snow load on February 21, 2014. Thereafter, Mr. Iannucci submitted an insurance claim to the Defendant.

The Defendant wrongfully denied Mr. Iannucci's claim. The denial is premised on the Defendant's claim that the collapse occurred due to "**hidden** and long term **deterioration** of the roof rafters, decking and inadequate restraint for the lateral thrust at the ends of the rafters. This deterioration and lack of support resulted in a significant loss of strength, causing the rafters to fail under snow load conditions well below that which the building framing should have been designed and constructed to withstand." (See page 3 of Exhibit "A," emphasis added).

1

The "Collapse" section of the insurance policy that Allstate issued to Mr. Iannucci states We will cover … **hidden decay** of the building structure." (See page 14 of Exhibit "B," emphasis added).

Despite the fact that the Defendant's insurance policy explicitly covers a collapse due to "hidden decay" and the Defendant determined that the loss was due to "**hidden deterioration**," the Defendant has nonetheless refused to pay for this loss.

Duane Postupak, who is a real estate appraiser, was retained as an expert to prepare report with regard to the value of Mr. Iannucci's loss.

## ARGUMENT

### I. MR. POSTUPAK'S TESTIMONY SHOULD NOT BE PRECLUDED, BUT RATHER SHOULD BE LIMITED TO THE CONTENTS OF HIS REPORT AND THE PLAINTIFF'S EXPERT DISCLOSURE.

"[P]reclusion is a 'harsh sanction' and is not necessarily the appropriate remedy for failure to meet the Rule 26 requirements." Oleg Cassini, Inc. v. Electrolux Home Prod., Inc., No. 11 CIV. 1237, 2014 WL 1468118, at *9 (S.D.N.Y.2014) (referencing Sandata Technologies, Inc. v. Infocrossing, Inc., Nos. 05 Civ. 9546, 06 Civ. 1896, 2007 WL 4157163, at *7 (S.D.N.Y. 2007); Softel, Inc. v. Dragon Medical & Scientific Communications, Inc., 118 F.3d 995, 961 (2d Cir.1997)).

"[T]he preclusion of expert testimony is 'a drastic remedy and should only be applied in those rare cases where the party's conduct represents bad faith and callous disregard of the Federal Rules of Civil Procedure.'" Pharmacy, Inc. v. Am. Pharm. Partners, Inc., No. CV 05-776 DRH AKT, 2008 WL 4415263, at *5 (E.D.N.Y. 2008) (referencing Babcock v. Rezak, No. 96-CV-0394E, 2002 WL 31654995 (W.D.N.Y.

2

2002)). Stated differently, "the imposition of sanctions under this rule is discretionary, and preclusion is ordered only rarely." Houlihan v. Invacare Corp., No. CV 04-4286, 2006 WL 1455469, at *1 (E.D.N.Y. 2006).

In the case at bar, the Defendant previously sought to preclude Mr. Postupak's testimony in a memorandum of law that was filed in October of 2017. The Defendant's prior attempt to preclude Mr. Postupak from testifying was addressed in a telephone conference with the Court. During the conversation, I stated that a real estate appraiser was not initially retained because I did not believe that one would be necessary based on a conversation that I had with defense counsel.

A mediation was conducted on November 18, 2016, with Mark Sonders. Defense counsel and I agreed that the crux of the dispute in this case is the cause of the roof collapse. The value of the building did not appear to be in dispute at the mediation. While we did not definitively resolve this issue at the mediation, defense counsel and I discussed stipulating that the value of the structure was equal to the full policy limit of $103,000.00.[1] Based on this conversation, I did not believe that an expert appraiser would be necessary for trial and I did not hire an appraiser.

As the case progressed, it became apparent in approximately April of 2017 that the defense was disputing the value of Mr. Iannucci's building. Upon realizing this, I contacted a local real estate appraiser, Mr. Postupak, and requested that he evaluate Mr. Iannucci's building.

Mr. Postuak performed an appraisal of the subject building and then prepared a

---

[1] We are not seeking to recover principal in an amount that exceeds the policy limit.

report. Mr. Postupak is not a professional witness, but rather a real estate appraiser based in Kingston, New York. He has never testified in court, nor has he ever been retained as an expert in a case in federal court. He does not have a curriculum vitae. However, he has thirty years of experience evaluating real estate in the Kingston area. Based on my search for an appraiser, I believe that Mr. Postupak is the most experienced real estate appraiser in the Kingston area. As such, he is well-suited to be an expert witness in this case.

While Mr. Postupak's report could have been more thorough, he should not be completely barred from testifying at trial. Such a sanction is unwarranted and would prejudice Mr. Iannucci with regard to proving the value of the collapsed structure.

Moreover, an expert disclosure was served on defense counsel that outlines the basis of Mr. Postupak's opinions and the facts about which he is expected to testify. Specifically, the expert disclosure states:

> Mr. Postupack is the owner and operator of Postupack Valuation, Inc. Mr. Postupack is self employed as a real estate appraiser. Mr. Postupack has worked as a real estate appraiser for approximately 30 years. He provides real estate estimates for commercial and residential properties, and has done so throughout the duration of his career.
>
> Mr. Postupack is expected to testify about the value of Mr. Iannucci's building located at 221 Catherine Street in Kingston immediately prior to the subject collapse, and with regard to the total loss of value that resulted from the subject collapse. Mr. Postupack is expected to testify that he reviewed a statement from Paul Jankovitz, who is an architect, regarding the loss of Mr. Iannucci's subject three story building located at 221 Catherine Street in Kingston. This report also pertains to the construction of a replacement building. Mr. Postupack has also reviewed photographs of the subject premises that were taken prior to the collapse, as well as certain photographs that were taken shortly after the collapse. Said photographs have been exchanged during discovery. Mr. Postupack has

4

also reviewed a report from an architect, Timothy Lynch, which is referenced above.

Mr. Postupack is expected to testify that the subject structure was a three story brick building that could have been utilized for either residential or commercial purposes. The structure was grandfathered because it was built at a time prior to the enactment of the City of Kingston's present zoning laws and regulations. As such, a three story addition would have been permitted due to the fact that the subject building was grandfathered. However, with the destruction of this building, its ability to be used as an anchor for an additional building has been eliminated.

Presently, the maximum allowable height in the City of Kingston in the location of the subject structure would be a two story building. Thus, there was a significant loss of the ability to use this property as a three story commercial or residential structure and further to use it as an anchor for a three story addition.

Mr. Postupack also reviewed a diagram and building proposal that Mr. Iannucci obtained prior to the collapse of the subject structure. The building had a proposed large addition where each floor was to have 8250 square feet. The building was proposed to be a multi-family dwelling. However, the proposal that was obtained by Mr. Iannucci cannot now be realized due to the total loss of the pre-existing structure. Notably, the addition would have provided additional income in the form of rent, as well as a significantly increased value of the property. Therefore, Mr. Postupack is expected to testify that the loss of this ability to construct a three story addition significantly reduces the value of the property.

Additionally, the subject property at 221 Catherine Street had the potential to be registered with the National Registry of Historic Places. This was lost with the destruction of the structure. Furthermore, when a building is registered with the National Registry of Historic Places, there are attendant grants that can be obtained by the owner of the property. The ability to obtain any such grants has likewise been eliminated.

Mr. Postupack will testify that the value of the loss exceeds $200,000.00.

Mr. Postupack will base his opinions on his many years of work related experience performing real estate appraisals. Furthermore, Mr. Postupack's office is located in Kingston, New York and his appraisals are performed primarily in Kingston, New York and adjacent areas. Thus, Mr. Postupack is quite familiar with real estate valuation in Kingston, New York and the

surrounding areas.

Mr. Postupack has not previously testified in court as an expert witness.

Mr. Postupack will be compensated at the rate of $400.00 for his testimony at the trial of this matter.

(See pages 3-5 of Defendant's Exhibit "C").

Based on the contents of Mr. Postupak's report and Mr. Iannucci's expert disclosure, the defense has been adequately apprised of Mr. Postupak's expected testimony.

Moreover, Mr. Postupack's testimony will be limited to the contents of his report and the expert disclosure. Defense counsel has not claimed any prejudice in this regard, nor will the Defendant be prejudiced by the testimony of Mr. Postupack. Alternatively, Mr. Iannucci will be prejudiced with regard to demonstrating the value of his building if Mr. Postupak is precluded from testifying.

Accordingly, we respectfully request that the Court permit Mr. Postupak to testify at trial.

## II. CONTRARY TO THE DEFENDANT'S ASSERTIONS, MR. POSTUPAK'S LETTER CONSTITUTES AN EXPERT REPORT.

The Federal Rules of Civil Procedure do not proscribe a letter from constituting an expert report. As is stated in Point I above, the contents of Mr. Postupak's letter and Mr. Iannucci's expert disclosure sufficiently inform the defense of Mr. Postupak's anticipated testimony.

Additionally, while Mr. Postupak mentioned that he reviewed the report from Mr. Jankovitz, Mr. Postupak's report is not a mirror image of Mr. Jankovitz's report. Mr.

Postupak discussed the attenuated potential for this site due to the loss of the building and quantified the loss of revenue and potential for this site. The fact that he reviewed and relied to some extent on a report from Mr. Jankowitz does not warrant preclusion of Mr. Postupak's testimony.

To the extent that the defense is claiming that Mr. Postupak relied on hearsay, we do not intend to induce hearsay from Mr. Postupak at trial.

Additionally, "[t]o satisfy Rule 703 of the Federal Rules of Evidence, which allows an expert to rely on hearsay, nonetheless requires expert validation subject to cross-examination." In re M/V MSC FLAMINIA, No. 12-CV-8892 (KBF), 2017 WL 3208598, at *7 (S.D.N.Y. 2017).

In the case at bar, defense counsel will be permitted to cross-examine Mr. Postupak about his findings and conclusions.

### III. MR. POSTUPAK'S TESTIMONY IS RELEVANT TO DEMONSTRATE THE VALUE OF MR. IANNUCCI'S BUILDING AT THE TIME OF THE COLLAPSE.

In the case at bar, the roof collapsed to a point where the building was structurally unsound. The building was ordered to be demolished by the City of Kingston. (See Exhibit "C"). As such, the building was a total loss.

The defense is attempting to mislead the Court by claiming that "the Loss at issue only pertains to the roof itself." (See page 12 of Defendant's memorandum of law).

The roof collapse necessitated the demolition of the entire building. As such, Mr. Postupak's valuation of the entire structure is relevant and necessary.

Furthermore, the potential uses for the subject building that are set forth in Mr.

7

Postupak's report affected the value of the structure. There would obviously be a direct correlation to the value of the structure and its real estate potential, meaning that the value would increase with more potential building opportunities for the owner.

Accordingly, the testimony of Mr. Postupak will not be irrelevant, but rather will be material and necessary to Mr. Iannucci's case.

## IV.   THE DEFENDANT WILL NOT BE PREJUDICED BY MR. POSTUPAK'S TESTIMONY.

Mr. Postupak's report and the expert disclosure set forth the substance of his expected testimony. Essentially, the collapsed structure cannot be replaced. As such, Mr. Iannucci lost a significant business opportunity. Additionally, the structure had a greater value that it would have otherwise had because of its potential and grandfathered status.

Contrary to their protestations, defense counsel and their experts can surely understand this concept.

Moreover, defense counsel could have deposed Mr. Postupak to learn more about the substance of this anticipated testimony and to avoid any claimed prejudice. In that regard, I have no objection to Mr. Postupak being deposed at any time prior to trial.

The defense has been made well-aware of the basis for this action. The claims set forth by Mr. Iannucci have been fully explained. The Defendant will not be prejudiced by Mr. Postupak's testimony.

## CONCLUSION

Therefore, we respectfully request that the Court deny the relief sought by the

Defendant in its entirety, and grant such other and further relief as the Court deems just and proper.

Dated: May 1, 2018
       Kingston, New York

                          Respectfully submitted,

                          DEREK J. SPADA
                          BASCH & KEEGAN, LLP
                          Attorneys for Plaintiff
                          307 Clinton Avenue
                          P.O. Box 4235
                          Kingston, New York 12402
                          (845) 338-8884

cc:    Wong Fleming, P.C.
        300 East 42nd Street
        14th Floor
        New York, NY 10017
        Email Address: DFleming@wongfleming.com